# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Anthony Jackson,** ) | **CASE NO. 1:23 CV 2388** |
| ) | |
| **Plaintiff,** ) | **JUDGE PAMELA A. BARKER** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Cuyahoga County** ) | |
| **Common Pleas Court, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### INTRODUCTION

*Pro se* Plaintiff Anthony Jackson filed this action against Cuyahoga County, the Cuyahoga County Court of Common Pleas, Cuyahoga County Common Pleas Court Judges Daniel Gaul and Joan Synenberg, Metro Health System, Dr, Aileen M. Hernandez, Joe Lucchese, Ashley Gilkerson, and the Cuyahoga County Metropolitan Housing Authority Police Department.  In the Complaint, Plaintiff challenges his arrest in 2021, and his detention pending trial.  He asserts claims for violation of his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights.  He seeks $ 20,000,000.00 in damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*.  (Doc No. 2).  That Application is granted.

**BACKGROUND**

Plaintiff's Complaint is composed almost entirely of exhibits, making it difficult to decipher.  On October 20, 2020, Plaintiff was charged in Cuyahoga County Court of Common Pleas Case No CR-20-653683-A ("Jackson I") with felonious assault, a second-degree felony. (Doc #: 1-2 at PageID #: 79).  Plaintiff pled not guilty to the indictment during his arraignment on October 23, 2020. The trial court continued his bond at $10,000 cash, surety, or property, and ordered him to have no contact with the victim. He posted bond on November 5, 2020.  (Doc #: 1-2 at PageID #: 79).

Plaintiff was arrested in his Cuyahoga Metropolitan Housing Authority ("CMHA") apartment on January 21, 2021 for an offense committed on January 7, 2021.  (Doc. No. 1-2 at PageID#: 79, Doc. No. 1-4 at PageID #: 104).  He indicates he had barricaded himself into the apartment, although he does not indicate why he did so.  (Doc. No. 1-4 at PageID#: 104). He contends CMHA police entered the apartment with a key and pushed past the barricade. They indicated they had a warrant for his arrest, but he challenged their ability to enter claiming they did not have a search warrant.  They executed the arrest warrant and removed Plaintiff from the apartment.  (Doc. No. 1-4 at PageID#: 104).

Plaintiff was charged on January 21, 2021, with robbery, a second-degree felony, and theft, a fifth-degree felony in Cuyahoga County Common Pleas Court Case No. CR-21-656172-A ("Jackson II").  (Doc. No. 1-2 at PageID#: 79).  Plaintiff pled not guilty to the indictment during his January 22, 2021 arraignment.  (Doc. No. 1-2 at PageID#: 79).  The trial court set bond at $25,000 cash, surety, or property, and ordered him to have no contact with the victim.  (Doc. No. 1-2 at PageID#: 79).

2

Plaintiff indicates he was injured by a Cuyahoga County Correctional Center officer on January 22, 2021. (Doc. No. 1-4 at PageID #: 105). He alleges the inmates were in line to go to recreation when an older man asked to use the restroom. The officers denied his request and Plaintiff laughed at him. He claims an officer placed him in handcuffs and put him in a restraint chair. (Doc. No. 1-4 at PageID #: 105). He states that when the officer tried to take the handcuffs off the Plaintiff, he became irritated, and pushed Plaintiff's head forward. (Doc. No. 1-4 at PageID #: 105). Plaintiff had sustained a previous neck injury from a prior motor vehicle accident in which he was thrown through the windshield. He contends that the officer's actions aggravated that old injury and caused him to wear a neck brace for several weeks. (Doc. No. 1 at PageID #:5, Doc. No. 1-4 at PageID #: 105).

On January 28, 2021, Plaintiff was referred to the court psychiatric clinic for a competency evaluation. (Doc. No. 1-2 at PageID #: 80). He met with Dr. Hernandez. (Doc. No. 1-4 at PageID #: 105). In a February 23, 2021 report, Dr. Hernandez found him incompetent to stand trial. (Doc. No. 1-4 at PageID #: 105). Plaintiff contends she misdiagnosed him with schizophrenia. (Doc. No. 1-4 at PageID #: 105). On March 16, 2021, the parties stipulated to the findings in the report and Judge Gaul issued a judgment entry ordering Plaintiff to be transported to Northcoast Behavioral Health ("Northcoast") in order to be restored to competency. (Doc. No. 1-2 at PageID #: 80). Plaintiff claims that this was due to the misdiagnosis of schizophrenia. (Doc. No. 1-4 at PageID #: 105).

When Plaintiff had not been transported to Northcoast as of April 14, 2021, he posted bond in Case No. CR-21-656172-A ("Jackon II"). (Doc. No. 1-2 at PageID #: 80). Plaintiff appeared in court on April 22, 2021 in Jackson II. The parties waived a hearing and stipulated to the court psychiatric clinic's competency report. (Doc. No. 1-2 at PageID #: 80). Judge

3

Gaul again ordered Plaintiff to complete inpatient treatment at Northcoast for competency restoration and remanded him to the Cuyahoga County Jail until a bed became available at Northcoast. (Doc. No. 1-2 at PageID #: 80).

Plaintiff was treated at Northcoast in April and May 2021. On May 19, 2021, an updated report was prepared that determined Plaintiff was competent to stand trial. (Doc. No. 1-2 at PageID #: 80, Doc. No. 1-4 at PageID #: 105). Plaintiff alleges that he returned to the Cuyahoga County Corrections Center from Northcoast on May 20, 2021. (Doc. No. 1-4 at PageID #: 106).

On May 26, 2021, Plaintiff filed a "request for release" in both criminal cases, asserting that he had already posted bond in both of his criminal cases on November 5, 2020 ("Jackson I") and on April 14, 2021 ("Jackson II"). The parties appeared in court in Jackson II on June 8, 2021. Defense counsel and the prosecutor stipulated to the updated competency report and acknowledged that Plaintiff posted bond in both criminal cases. Judge Gaul, however, denied the request for release, stating that it was his policy to deny release on bond if the defendant was out on bond in another case when the current offense was committed. (Doc. No. 1-2 at PageID #: 81). Judge Gaul advised Plaintiff that he would not be released until both criminal cases were resolved, stating "[t]hese are two very serious cases." (Doc. No. 1-2 at PageID #: 81). Defense counsel noted that the dockets in the criminal cases indicate that bond was posted in both cases, and there was no indication on either docket that bond had been revoked. (Doc. No. 1-2 at PageID #: 82). On June 8, 2021, Judge Gaul issued a judgment entry in Case No. CR-20-653683-A ("Jackson I") revoking bond due to "the substantive criminal indictment in Jackson II. On June 15, 2021, Judge Gaul denied Plaintiff's motions requesting release in both criminal cases. (Doc. No. 1-2 at PageID #: 82).

4

Plaintiff appealed those decisions to the Ohio Eighth District Court of Appeals on June 28, 2021. On November 21, 2021, the Eighth District Court of Appeals remanded the case to the trial court to issue findings as required by Ohio Revised Code §2937.222(B) and return the case to the Appellate Court by November 15, 2021. (Doc. No. 1-3 at PageID #: 99). On November 3, 2021, Judge Gaul held a video hearing with the parties. He began the hearing by reciting the factors in Ohio Revised Code §. 2937.222(B) and then found them satisfied without taking any evidence from either the prosecution or the defense. (Doc. No. 1-3 at PageID #: 99). On December 9, 2021, the Appellate Court filed its opinion and reversed the trial court's denial of bond, stating, "regardless of what standard of review this court applies, we find that [the trial court] erred in revoking appellant's bond and denying appellant's motions for release on bond." (Doc. No. 1-3 at PageID #: 100). The Appellate Court vacated the trial court decision and remanded the case "for the purpose of reinstating the bond that was previously set and posted and ordering appellant's immediate release." (Doc No. 1-3 at PageID #: 100). Plaintiff was released from custody on December 16, 2021. He had been detained for 184 days. (Doc. No. 1-3 at PageID #: 101).[1]

Plaintiff states he was arrested on October 6, 2022 ("Jackson III"), although he does not indicate with which crime he was charged. (Doc. No. 1-4 at PageID #: 110). He states he tried to fire his public defender, but the court would not allow him to do so. (Doc. No. 1-4 at PageID #: 111). He indicates that four months later, Judge Synenberg was appointed to

---

[1] Judge Gaul was suspended from the practice of law for one year by the Ohio Supreme Court. (Doc. No. 1-3). His denial of bond in Plaintiff's case was one of the eight incidents mentioned by the Supreme Court in its opinion. In reference to Plaintiff's case, the Ohio Supreme Court focused on Judge Gaul's refusal to conduct an evidentiary hearing and comments he made during the hearing that the Supreme Court deemed to be disrespectful to the Appellate Court. (Doc. No. 1-3 at PageID #: 101-102).

5

his case. She ordered him to be returned to Northcoast. (Doc. No. 1-4 at PageID #: 111). He indicates he was at that facility for a week before being returned to jail.

Plaintiff alleges he spent ten more months in jail before being released. He contends that he was offered a plea deal in his second case and told that if he pled guilty to a misdemeanor, he would be released. He claims that he accepted the plea deal but was still held in jail because his bond in Jackson II had been raised to $ 50,000.00. (Doc. No. 1-4 at PageID #: 111-112). He asserts that the bond was excessive. Nevertheless, he posted bond in August 2023. He states that this case was dismissed two weeks later. (Doc. No. 1-4 at PageID #: 112).

Finally, Plaintiff states that the conditions at the Cuyahoga County Jail were "deplorable and unfit for humans." (Doc. No. 1-4 at PageID #: 112). He states that the conditions were so bad that some people died. He claims there were instances when he was locked in his cell for four to seven days at a time in what was called the "Red Zone." (Doc. No. 1-4 at PageID #: 112).

Plaintiff does not elaborate on the claims he intends to pursue against each Defendant. Instead, he simply lists his causes of action as violation of his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v.*

6

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Before attempting to figure out how Plaintiff's list of constitutional amendments may apply to the facts stated above, the Court must determine if any of the Defendants are properly named in this suit. After careful reading of the Complaint, the Court concludes that Plaintiff failed to state a claim upon which relief may be granted against any of the named Defendants.

Plaintiff names the Cuyahoga County Court of Common Pleas and the Cuyahoga Metropolitan Housing Authority Police as Defendants. Common Pleas Courts and Police

Departments are not *sui juris*, meaning, they are not separate legal entities that can sue or be sued. *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); *Black v. Montgomery Cty. Common Pleas Court*, No. 3:18-CV-00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018); *Gibson v. Mechanicsburg Police Dep't*, No. 3:16cv48, 2017 WL 2418317, at *5 (S.D. Ohio 2017). Plaintiff's claims against them fail as a matter of law.

In addition, Plaintiff's claims against Cuyahoga County appear to be based on the actions of County employees and officials. Claims against the County must be based on constitutional violations that occurred as the result of the County's own official policy enacted by its lawmakers, *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)), or by the County's own custom which, while not officially memorialized in an ordinance, is so permanent and well-settled that it carries the force of law. *Monell*, 436 U.S. at 691. Section 1983 does not permit a Plaintiff to sue a local government entity on the theory of *respondeat superior*, meaning that Plaintiff cannot sue the County for the actions of its employees. *Id*. at 692-94. The claims must be based on the County's own wrongdoing. Therefore, to demonstrate that the County's policies or customs caused constitutional harm, the Plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality (not just to an employee or official of the County), and (3) show that his particular injur[ies] w[ere] incurred due to execution of that policy." *Brawner v. Scott Cty.*, 14 F.4th 585, 598 (6th Cir. 2021)(quoting *Morgan v. Fairfield County*, 903 F.3d 553, 566 (6th Cir. 2018) (internal quotations omitted). Plaintiff, however, does not allege that any of the incidents in the Complaint were directly caused by a custom or policy of Cuyahoga County. The claims against Cuyahoga County must be dismissed.

8

Defendants Joe Lucchese, Ashley Gilkerson and Metro Health System are not mentioned at all in the body of the Complaint or in any of the attachments that contained factual allegations. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Court can find no connection between these Defendants and the allegations in the Complaint. The Court is not obligated to search through voluminous exhibits attached to the Complaint in order to determine how a Defendant could be connected to the case. This is beyond the scope of the Court's obligation to give liberal construction to Plaintiff's *pro se* pleading. Lucchese, Gilkerson, and Metro Health System are dismissed from this action.

While Dr. Henderson is mentioned more prominently in the exhibits to the Complaint, Plaintiff's only allegation against her is that she diagnosed him with schizophrenia. He disputes that diagnosis. A difference of opinion regarding the medical diagnosis does not rise to the level of a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). That is particularly true in this case where that assessment was conducted to determine Plaintiff's competency to stand trial, and not for the purpose of treatment. Moreover, that evaluation was performed in February 2021. The statute of limitations for a claim under 42 U.S.C. § 1983 is two years. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). This case was filed in December 2023, more than two years from the date of the evaluation.

Finally, Plaintiff names Judge Synenberg and Judge Gaul as Defendants. Judges are provided absolute immunity from civil suits that are based on decisions they made in the

course of presiding over a case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. Judicial immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches, and thus has its limits, in the form of two exceptions: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A distinction is drawn between an action in excess of jurisdiction and an action taken in the clear absence of all jurisdiction over the subject matter. *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001)(citing *Bradley v. Fisher*, 80 U.S (13 Wall.) 335, 352 (1872)). A judge will be not deprived of immunity, however, even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority so long as it was performed within the subject matter jurisdiction of the Court over which he or she presides. *Id.*

Plaintiff contends Judge Synenberg was appointed to preside over one of his criminal cases and ordered him to be returned to Northcoast. (Doc. No. 1-4 at PageID #: 111). This action was clearly performed when she was acting as the judge in his case. Moreover, Common Pleas Courts have subject matter jurisdiction to try felony criminal cases. Ohio Rev. Code § 2931.03. The judge who presides over a criminal case must determine that the defendant is competent to stand trial. Judge Synenberg was acting within the subject matter jurisdiction of the Common Pleas Court when she referred Plaintiff to Northcoast for a

competency evaluation. Neither exception to immunity applies in this case and Judge Synenberg is absolutely immune from suits for damages.

Judge Gaul is also entitled to judicial immunity. Plaintiff claims Judge Gaul ordered him to be evaluated at Northcoast and subsequently denied his release even after he posted bond. Both of these decisions were made by Judge Gaul while he was presiding over Plaintiff's criminal cases. The first exception to immunity does not apply. In addition, because criminal cases fall within the subject matter jurisdiction of the Common Pleas Court and decisions to grant release on bond are within that subject matter jurisdiction, the second exception does not apply. Immunity is not forfeited even though his decision was reversed by the Ohio Eighth District Court of Appeals, and he was later disciplined by the Ohio Supreme Court for "ignoring the clear mandates of [Ohio Rev. Code §] 2937.222 twice by failing to require the state of Ohio to produce clear and convincing evidence as required by law, making findings prior to offering counsel to present any evidence or argument, and being critical of the court of appeals for reversing his clearly erroneous decisions." (Doc. No. 1-3 at PageID #: 101). While he may have misapplied the law, and perhaps acted willfully in doing so, he did not act in the complete absence of all jurisdiction of the Common Pleas Court and is entitled to absolute immunity in this case.

**CONCLUSION**

Accordingly, the Cuyahoga County Court of Common Pleas, the Cuyahoga County Metropolitan Housing Authority Police Department, Joe Lucchese, Ashley Gilkerson, Metro Health System, Dr, Aileen M. Hernandez, and Judges Daniel Gaul and Joan Synenberg, are dismissed from this case. As no Defendants remain in this action, this case is dismissed

pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc No. 2) is granted.

**IT IS SO ORDERED.**

                                              s/*Pamela A. Barker*
                                            PAMELA A. BARKER
Date:  March 26, 2024              U. S. DISTRICT JUDGE